# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Maynard Powell,

        Plaintiff,

v.

Wal-Mart Stores, Inc.,

        Defendant.

Case No. 16-10643
Hon. Terrence G. Berg

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. 23) AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 14) WITHOUT PREJUDICE**

## I. Overview and Procedural History

Maynard Powell alleges that he slipped and fell in a Wal-Mart store and injured himself. His lawyer now asks the Court to allow him to amend the complaint even though Walmart has already filed a motion for summary judgment. Plaintiff's attorney waited until after discovery closed before he got an expert involved, and waited until after Walmart had filed a summary judgment motion to ask to amend the complaint to include claims based on the expert's report.[1] So Plaintiff now moves to amend the Complaint. (Dkt. 23).

---

[1] Defendant understandably argues that the dilatory conduct of Plaintiff's counsel is such that it should prevent him from being allowed to add a new claim at this very late stage in the proceeding. But that course of action would punish the Plaintiff for the negligence of his attorney.

On April 25, 2017 Defendant filed a Response objecting to this motion. (Dkt. 24). On May 15, 2017 the parties' attorneys appeared before the Court via telephone, on the record, to discuss Plaintiff's motion. (Dkt. 23).

Discovery closed in this case on December 8, 2016. (Dkt. 12). On February 9, 2017, Defendant timely filed a Motion for Summary Judgment. (Dkt. 14). Plaintiff's counsel failed to timely respond to this motion and, accordingly, on March 14, 2017 the Court ordered him to show cause regarding his lack of response. (Dkt. 19). On March 17, 2017, Plaintiff filed a late Response to Defendant's Motion for Summary Judgment. (Dkt. 20). Currently, a hearing on Defendant's Motion for Summary Judgment is set for June 26, 2017. (Dkt. 21).

**II. Plaintiff's Motion to Amend the Complaint (Dkt. 23)**

More than four months after the close of discovery, and over two months after the cut-off date for the filing of dispositive motions, Plaintiff's counsel filed a motion seeking leave to amend the complaint. (Dkt. 23). The original complaint contained only one count of premises liability against Wal-Mart. (Dkt. 1 at 11). Plaintiff's proposed amended complaint alleges a second count—based on the findings in a March 4, 2017 report from expert witness Jef-

frey E. Bartrem (Dkt. 20, Ex. 5)—for violation of Michigan Common Law, Statutes, Ordinance, and Building Code (essentially, a claim for negligence per se). (Dkt. 23 at 381).

1. *Applicable Law*

Fed. R. Civ. P. 15(a)(2) instructs the Court that leave to amend should be freely given when justice so requires. "The thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings." *United States ex rel. Harper v. Muskingum Watershed Conservancy District*, 842 F.3d 430, 439 (6th. Cir 2016). But the right to amend is not automatic. "Factors that may affect [the] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies…, undue prejudice to the opposing party, and futility of amendment." *Seals v. General Motors Corp.* 546 F.3d 766, 771 (6th Cir. 2008). A court may deny a motion to amend a complaint if it is filed after the close of discovery, as this delay may prejudice the opposing party. *See, e.g., Miller v. Administrative Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) (citing *Duggins v. Steak N' Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999)).

2. *Analysis*

During the May 15, 2017 telephonic conference call with parties and the Court, Plaintiff's counsel, Mr. David K. Whipple, stated

that his delay in filing Plaintiff's motion to amend was due to defense counsel's uncooperativeness during discovery. This uncooperativeness, Mr. Whipple said, delayed the production of Mr. Bartrem's expert report—which was the basis for the amended complaint—until March 4, 2017. Defense counsel, however, denied being uncooperative during discovery, and further claimed that Plaintiff's counsel: (1) failed to substantiate his allegations that defense counsel was obstructive, (2) failed to explain why he waited until April 11, 2017 to file Plaintiff's motion to amend even though he received Mr. Bartrem's expert report on March 4, 2017, and (3) failed to explain why, if it were the case that defense counsel was obstructing discovery, this matter was not brought to the Court's attention sooner.[2]

The Court finds no support for the allegation that Defense Counsel failed to comply with its discovery obligations. On this record, Plaintiff's counsel has failed to articulate any adequate explanation for the delay. The Court therefore concludes that, by waiting until after dispositive motions were filed in this case, Plaintiff's counsel unduly delayed the filing of Plaintiff's Motion to Amend the Complaint.

---

[2] The Court also notes that Plaintiff's counsel gave no adequate explanation for failing to file a timely response to Defendant's motion for summary judgment.

4

Also during the Court's May 15, 2017 call with the parties, Defense counsel contended that her client would suffer prejudice should the Court grant Plaintiff's untimely motion to amend. Defense counsel stated that it would inconvenience, and impose an unforeseen cost on, her client to have to defend against an additional count, which at this point in the litigation would require reopening discovery and Defendant to supplement and refile its motion for summary judgment.

The Court recognizes that there is some merit in Defendant's position; granting Plaintiff's untimely motion to amend will require reopening discovery and cause Defendant to supplement and refile its motion for summary judgment. Although this is a burden, it is not the kind of prejudice that should bar a Plaintiff from being permitted access to the courts on a claim that, although late, may be entitled to redress. Consequently, and somewhat reluctantly, the Court will grant Plaintiff's Motion to Amend the Complaint (Dkt. 23), and deny without prejudice Defendant's Motion for Summary Judgment. (Dkt. 14).

The thrust of Rule 15 is that cases should be tried on their merits. And neither the inconvenience nor the unforeseen cost imposed on Defendant will be great: on the May 15, 2017 call, the parties agreed that the only additional discovery necessary will be Defendant's deposition of Mr. Bartrem, and in any re-filed motion

5

for summary judgment, Defendant will only have to address one additional count. Moreover, to minimize any unforeseen cost imposed on Defendant, Plaintiff's counsel is hereby ORDERED to pay all reasonable expenses and attorney's fees incurred by Defendant in taking Mr. Bartrem's deposition, which Plaintiff's counsel caused to be taken at such a late stage in this litigation. Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.").

Accordingly, the Court sets the following schedule:

- The deposition of Mr. Bartrem is to be taken no later than August 16, 2017;
- The parties will have an end of discovery telephone conference with the court, initiated by the plaintiff, on August 21, 2017 at 4:00 p.m.; and
- Revised dispositive motions are due no later than September 15, 2017.

Although the Court grants this relief to Plaintiff, it does not wish to reward Plaintiff counsel's poor record of compliance with filing dates under the Rules and the Court's scheduling order. The Court wishes to emphasize that any further dilatory behavior in failing to file responses in a timely manner will result in the

**dismissal of this action with prejudice** for failure to prosecute the case. Should Plaintiff's counsel fail to meet any subsequent deadlines, and a motion to dismiss for failure to prosecute be filed, it will be granted.

WHEREFORE,

Plaintiff's motion to amend the complaint is **GRANTED** (Dkt. 23);

Defendant's motion for summary judgment (Dkt. 14) is **DENIED WITHOUT PREJUDICE**; and

Plaintiff's counsel **IS HEREBY ORDERED** to pay all reasonable expenses and attorney's fees incurred by Defendant in taking Mr. Bartrem's deposition. Defense counsel shall submit to the Court an accounting of such fees and expenses, along with a motion for payment of the same. Failure of Plaintiff's counsel to pay such costs within 30 days of the Court's order will result in the dismissal of this case with prejudice.

**SO ORDERED.**

Dated: July 10, 2017        s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on July 10, 2017.

                            s/A. Chubb
                            Case Manager